**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LONNIE JAMES SHOULDERS, | No. 10-16814 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-01763-MCE-CHS |
| v. | |
| JAMES WALKER, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted August 31, 2011
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District Judge.**

Petitioner-Appellant Lonnie Shoulders appeals the district court's denial of

his habeas petition under 28 U.S.C. § 2254. In 2004, Shoulders was convicted in

the Superior Court of Shasta County, California of a petty theft offense, enhanced

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable James L. Graham, Senior District Judge for the U.S. District Court for Southern Ohio, Columbus, sitting by designation.

by a prior theft conviction. Shoulders argues that his trial counsel rendered ineffective assistance by agreeing to stipulate to the prior conviction before the jury. The California appellate court held that counsel's performance was indeed ineffective, but that Shoulders was not prejudiced by counsel's ineffectiveness.

This court reviews de novo a district court's denial of a state prisoner's petition for a writ of habeas corpus. *Murdoch v. Castro*, 609 F.3d 983, 989 (9th Cir. 2010) (en banc). The district court's findings of fact are reviewed for clear error, legal conclusions are reviewed de novo, and the court may affirm on any ground supported by the record. *Kemp v. Ryan*, 638 F.3d 1245, 1254 (9th Cir. 2011).

Because Shoulders presents a claim of ineffective assistance of counsel, "the relevant clearly established law derives from" *Strickland v. Washington*, 466 U.S. 668 (1984). *Premo v. Moore*, 131 S. Ct. 733, 737–38 (2011). *Strickland* requires proof of both deficient performance by counsel and prejudice to the petitioner. *Id.* at 739. Both the state appellate court and the district court concluded that the first prong of the *Strickland* test, deficient performance by counsel, was satisfied, and respondent does not contest this finding in his brief; therefore, the only issue before this court is the prejudice prong. *See Martinez-Serrano v. I.N.S.*, 94 F.3d

2

1256, 1259 (9th Cir. 1996) (issues not addressed in argument portion of brief are deemed waived).

To establish prejudice, Shoulders "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 131 S. Ct. 770, 791 (2011). "The likelihood of a different result must be substantial, not just conceivable." *Id.*

The California appellate court concluded that there was no reasonable probability that, but for counsel's ineffectiveness in agreeing to stipulate to the prior conviction before the jury, the result of the proceeding would have been different. Shoulders was arrested after he purchased two compact discs at a department store. According to the California Court of Appeal, it was uncontested that, in addition to the two he had purchased, Shoulders had hidden a third CD in his pants and, after paying for the other two, transferred the third into his shopping bag and left the store. The trial court held that, given this strong evidence against

3

Shoulders, informing the jury of Shoulders' previous theft conviction, while error, was not prejudicial.

Shoulders maintains that the state appellate court made the prejudice determination improperly, as it relied on the trial testimony of store personnel and the arresting police officer, but did not view the store surveillance tape – shown to the jury at trial – of Shoulders' activities in the store. Because the store employee witnesses had not watched Shoulders' activities directly, but rather via surveillance camera, the surveillance tape, Shoulders points out, was the only source of information they had of the period before they approached him outside the store. Moreover, the surveillance video is ambiguous. It is difficult to discern from the recording whether or when Shoulders put the CD in his pants and later transferred it to his shopping bag.

Shoulders contends that the Constitution requires a habeas court determining whether the ineffective assistance of counsel prejudiced a defendant to consider the entire trial court record. *See Strickland v. Washington*, 466 U.S. 668, 695 (1984) ("[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury."). Shoulders argues that the California Court of Appeal did not do so. Because that court did not view the surveillance tape, according to Shoulders, we should not defer to the  factual determinations

underlying its prejudice decision as we otherwise would under AEDPA, 28 U.S.C. § 2254(d).

Regardless of whether we apply the deferential AEDPA standard of review, or assume that Shoulders is correct and review the issue of prejudice de novo, viewing all the evidence presented at trial, including the surveillance tape, our conclusion is the same: the ineffective assistance of Shoulders' counsel did not prejudice his trial. Shoulders admitted in a police interrogation that he put the CD in his pants but stated that he intended to pay for it. The surveillance tape shows unequivocally that Shoulders paid for only two CDs and that only two were put in his shopping bag. Yet, it is uncontested that when he was stopped after walking out of the store, there were three CDs in his bag. Therefore, however he managed to do so, the fact is that rather than taking steps to pay for the third CD, Shoulders instead transferred it into his shopping bag without purchasing it.

Considering the strong evidence against Shoulders, there was no reasonable probability that, but for the fact that the jury was informed about Shoulders' prior theft conviction, the proceeding would have been different. The habeas petition was therefore properly denied.

AFFIRMED.